## Commonwealth ex rel. *v.* Equitable Casualty and Surety Co. (Robinson, Appellant).

Argued September 28, 1931.   Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*E. C. Higbee,* with him *Joseph H. Reich* and *Wilbur F. Galbraith,* for appellant.—A receivership cannot be created except by making the corporation, or other body whose rights and property are to be affected, a party. Some decree against it must be sought, and some adjudication against it must be made.

There appears to have been no service whatever on the defendant, and no decree could be entered against it in the present proceeding, were one sought.

The courts of Pennsylvania uniformly hold that a suit for the appointment of a receiver of a foreign corporation will not lie: Madden v. Light Co., 181 Pa. 617; McCloskey v. Snowden, 212 Pa. 249; Kelly v. Thomas, 234 Pa. 419; Thompson v. Coke Co., 269 Pa. 500; Loan Society of Phila. v. Eavenson, 241 Pa. 65; Cunliffe v. Consumers' Assn., 280 Pa. 263.

There is no right for the Commonwealth of Pennsylvania to administer the property of defendant in Pennsylvania and turn the proceeds over to the New York superintendent of insurance. The property of defendant situate in Pennsylvania is first applicable to the payment of its creditors residing in Pennsylvania, and only the balance is to be paid to the principal receiver.

*Harold D. Saylor,* Deputy Attorney General, with him *William A. Schnader,* Attorney General, for appellee.— The law involved in this case is entirely that set forth in the Act of Assembly of May 17, 1921, P. L. 789, section 507.

The action of the insurance commissioner in referring this matter to the attorney general and the decree entered by the Dauphin County Court upon the attorney general's petition, were all proper and in full accordance with law. The action of the attorney general in filing a petition instead of a bill in equity was in conformity with the law, and the action of the court in acting thereon was as required by law.

The courts of New York have themselves recognized the territorial rights of the insurance commissioner as statutory liquidator of dissolved insurance companies: Martyne v. Ins. Co., 216 N. Y. 183; based on Relf v. Rundle, 103 U. S. 222.

OPINION BY MR. JUSTICE KEPHART, November 23, 1931:

The Equitable Casualty & Surety Company was chartered under the laws of the State of New York, and was doing business in the Commonwealth of Pennsylvania, registered with the insurance department. On December 31, 1930, the superintendent of insurance of the State of New York was duly authorized to take possession of the defendant's property and liquidate its business. Immediately thereafter, the Court of Common Pleas of Allegheny County appointed W. J. Robinson receiver for this company in the Commonwealth of Pennsylvania. On May 19, 1931, the attorney general, at the instance of the insurance commissioner, filed a petition in the Court of Common Pleas of Dauphin County, which in effect requested the court to appoint the insurance commissioner as receiver in this State and ordered Robinson as receiver to turn over all property and effects in his possession; in a word, to supersede him as receiver. The rule was served on the company by serving Robinson, the receiver. He appeared, filed an answer which admitted insolvency, but denied the jurisdiction of the court to act in the matter. Thereafter, the court appointed the commissioner receiver, directing him to take possession of the defendant's property, and ordered Robinson to deliver to the commissioner all assets of the company in his possession. Robinson appeals from this decree. As this is an insurance company of another state doing business here, the jurisdiction of the court is denied, first, because there was no jurisdiction in the Dauphin County Court to make the appointment, and, second, because the proceedings were irregular.

The Act of May 17, 1921, P. L. 789, is a comprehensive statute regulating the business of insurance in the Commonwealth. It includes not only domestic insurance companies, but the business of any insurance company "whether incorporated under the laws of this Commonwealth, or any state, territory or district, or under the laws of any foreign country." An insurance department is established, the head of which is known as insurance commissioner; he is charged with the execution of all laws of the Commonwealth relating to insurance, and for this purpose may examine the affairs of any corporation, organized under the laws of this or any other state, or of anyone having an office or transacting such business in this Commonwealth. The act gives the commissioner broad powers.

Article V deals expressly with the suspension of business and involuntary dissolutions. Section 501 gives the commissioner authority to suspend the business of any domestic insurance company, and *the business within this Commonwealth of any insurance company of another state* or foreign government, when he finds that its assets are insufficient to justify its continuance in business or when there is an impairment of capital. It provides: "The insurance commissioner shall suspend the entire business of any domestic insurance company ......and the business within this Commonwealth of any insurance company, association, or exchange of another state or foreign government......whenever he shall find that its assets are insufficient to justify its continuance in business."

Section 502 provides that whenever any insurance company, subject to examination, which is attempting to do or representing that it is doing an insurance business in this State, shall become "insolvent" or has otherwise subjected itself to provisions of this section, the commissioner shall communicate the facts to the attorney general, who may apply to the Court of Common Pleas of Dauphin County for an order to show cause

why its business should not be closed up, the insurance commissioner take possession of its property and business, and for such other relief as the interests of its policyholders may require. It authorizes the commissioner to take over the business of any "domestic insurance company......including all corporations...... *subject to examination by the insurance commissioner* ......" which become "insolvent," etc.

Article II, section 214, enjoins the duty on the commissioner to examine insurance companies. It reads: "The insurance commissioner may examine into the affairs of any corporation, organized under any law of this Commonwealth, or the laws of any other state, or having an office or transacting business in this Commonwealth." These sections enable the Commonwealth to exercise, through the commissioner, drastic powers to determine whether insurance companies should continue in business.

The authority granted under section 502 interpreted in the light of section 214 should be liberally construed. It applies to all insurance companies. Therefore, under the broad language used in the act, the insurance commissioner may be appointed receiver of any insurance company doing business in this State, whether domestic or foreign.

Section 507, its subtitle being "insurance commissioner to supersede other receivers," provides: "Whenever a receiver of an insurance company, association, exchange, society or order is appointed by any court of this Commonwealth, on motion of the attorney general at the instance of the insurance commissioner, such receiver shall forthwith supersede any receiver previously appointed by the decree of any court of this Commonwealth, and shall likewise supersede any assignee or trustee previously appointed by such insurance company, association, exchange, society, or order." It is this section which controls the instant case.

From the foregoing discussion it is clear that this section does not limit the supersession of receivers to domestic companies, but includes receivers appointed by the courts for all companies whether they be domestic, foreign, or of other states. When appointed receiver by the court for a foreign insurance company, the commissioner may proceed forthwith to take over the business of such company and to supersede the previous receiver.

The act does not require extensive procedure for the appointment of the commissioner as receiver. It does, however, contemplate expeditious action. The act requires that, when an insurance company becomes insolvent or otherwise contravenes section 502, and it is reported to the attorney general, he shall hear the charges and thereafter may apply to the Court of Common Pleas of Dauphin County, or to the court of any county in which the principal office of such company is located, for an order directing such company to show cause why its business should not be wound up or closed. The attorney general may under this section of the act elect where to proceed, and the part of the section which states the county where the "principal office" is located does not require the proceeding to be had in such county, but merely provides an alternative method of procedure.

The proceeding in court may be begun by petition or such other appropriate proceeding as may be deemed lawful. To entitle the commissioner to take over the business of any company, all jurisdictional facts should be averred, unless these same facts, or any one of them, have been adjudicated in some other manner by a court or other competent authority.

In this case, the petition to the Dauphin County Court set up, in addition to the facts noted above, the action of the court of New York State where its superintendent had been authorized to take possession of the property and liquidate the business of the company. The petition contained an averment that by bill in equity the Court of Common Pleas of Allegheny County had ap-

pointed Robinson a temporary receiver to take charge of the assets of this company. The petition showed that the commissioner communicated these facts to the attorney general. The jurisdictional facts required by section 502 were substantially set forth. The averments as to solvency or a cause within section 502 could have been contested as not being sufficient for the appointment of a receiver under article V, but uncontested the situation was proper for the appointment of a receiver. The petition prayed for such appointment and for an order superseding Robinson as receiver. A petition under section 507 of the Insurance Code, in order to enable the commissioner to supersede a receiver appointed by any court, need not be preceded by an independent proceeding naming the commissioner as receiver, but both the appointment as receiver and the order superseding a court appointment may be obtained in one petition as was done in this case.

The action of the Court of Allegheny County was well within the power of that court, so long as state authorities remained silent. That power is recognized by section 507 of the act. The action by the attorney general, being statutory, superseded the order of the Court of Allegheny County. The act conferring jurisdiction on the Dauphin County Court was intended to centralize such actions and procure uniformity in the accomplishment of the purposes of the act which were to provide a uniform system for winding up insolvent concerns with a minimum of expense. Further, on the principle of state comity, the Commonwealth should lend its aid to sister states to advance the orderly administration of their defaulting concerns under their duly constituted authorities.

The objection that the service was improper because not made on officers of the insurance company is without merit. Robinson served as receiver, had displaced such officers, and was the proper person to be served on behalf of the company. Foreign corporations doing busi-

ness in this State under our laws, are subject to our statutes, and as one of the requisites for doing business by insurance companies in the Commonwealth is compliance with the Act of 1921, by so doing insurance companies not incorporated here submit to its terms.

The decree of the court below is affirmed at appellant's cost.